WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| MARLYN NUTRACEUTICALS, INC., an Arizona corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>IMPROVITA HEALTH PRODUCTS, INC., an Ohio corporation, THOMAS KLAMET, and DANIEL KOHLER,<br><br>                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. CV 08-1798-PHX-MHM<br><br>**ORDER** |

Currently before the Court are Defendants Improvita Health Products, Inc. ("Improvita"), Thomas Klamet ("Klamet"), and Daniel Kohler's ("Kohler") Motion to Dismiss Plaintiff Marlyn Nutraceuticals, Inc.'s ("MNI") Complaint pursuant to Rules 12(b)(1)(2)(3) and (6) of the Federal Rules of Civil Procedure Rules.  (Dkt. #7).  Also before the Court is Plaintiff's Motion for Expedited Hearing on Defendants' Motion to Dismiss.  (Dkt. #12).  After reviewing the pleadings and determining that oral argument is unnecessary, the Court issues the following order.

**I.     BACKGROUND**

On May 15, 2007, Plaintiff MNI and Defendant Improvita entered into a Manufacturing and Supply Agreement (the "Agreement") pursuant to which MNI would manufacture and supply nutritional products and supplements to Improvita.  (Dkt. #1,

¶10).  The Agreement provides that all disputes must be resolved through an arbitration process pursuant to Article XVIII, entitled "Dispute Resolution."  (Dkt. #11, Ex. B).

The Agreement provides that Improvita will pay MNI for all finished product or work in process, and all unused ingredients that can not be returned.  (Dkt. #11, ¶11).  Improvita fell behind on payments; from approximately October 2007 through late February 2008, MNI attempted to work with Improvita with respect to its delinquent debts.  (Id., ¶14).  On February 29, 2008, due to Improvita's failure to pay down its debts and alleged attempt to delay resolving the payment issues, MNI initiated negotiation proceedings pursuant to the Agreement's notice provision in Article XVIII.  (Id., ¶19).  MNI's February 29, 2008 notice demanded that Improvita agree to formally mediate the payment dispute on or before the close of business on March 5, 2008.  (Id., ¶21).  MNI also provided names of potential mediators in Phoenix, Arizona, and approximately eight possible dates on which the parties could mediate.  (Id.).  Improvita failed to respond to MNI's request until March 4, 2008.  (Id., ¶20, Ex. C).

Having made no progress through alternative dispute resolution, MNI filed a Complaint against Improvita in Maricopa County Superior Court on March 20, 2008.  (Dkt. #11, ¶23).  Improvita subsequently filed a Motion to Dismiss, arguing that the dispute must be resolved through mediation or arbitration based on the alternative dispute resolution provision in the May 15, 2007 Agreement.  (Id.).  MNI did not file a responsive memorandum to Defendants' Motion to Dismiss, and the Superior Court dismissed the case.  (Id., ¶24).

On May 19, 2008, MNI and Improvita submitted to a mediation in Phoenix, Arizona.  (Dkt. #11, ¶24).  In preparation for the mediation, MNI submitted a 13 page Mediation Memorandum, including 25 exhibits; Improvita made no settlement offers and raised its alleged defenses less than one week prior to the mediation.  (Id.,  ¶25).  Improvita did not provide supporting documentation.  (Id., ¶28).  Although the mediation was unsuccessful, the parties attempted to schedule an arbitration.  (Id., ¶25).  Based on

1    correspondence between the parties' counsel, an arbitration was scheduled for August 19,

2    2008, before Steve Scott in Phoenix, Arizona.  (Id., ¶26).  However, one week after

3    arbitration was scheduled, Improvita informed MNI that due to a scheduling conflict, the

4    arbitration could not take place before August 26, 2008.  (Id., ¶27).  The parties

5    rescheduled the arbitration for August 27, 2008, to take place before Daniel Nastro.  (Id.,

6    ¶29).  The parties also agreed on a disclosure statement date for discovery and relevant

7    arbitration issues; Improvita confirmed the August 27, 2008 arbitration date in a letter

8    dated July 1, 2008.  (Id.).  But on August 14, 2008, Improvita announced that it would not

9    participate in the scheduled arbitration because of the "associated expenses"; it proceeded

10   to cancel the arbitration and offered to reschedule one after October 1, 2008.  (Id., ¶30).

11          Instead, on August 22, 2008, MNI filed a Complaint against Improvita and

12   Defendants Klamet and Kohler for breach of contract, viewing Improvita's cancellation of

13   the arbitration as an act of bad faith and an attempt to further delay resolution.  (Dkt. #1).

14   Defendants filed the instant Motion to Dismiss on October 6, 2008, and request dismissal

15   pursuant to Federal Rules of Civil Procedure 12(b)(1)(2)(3) and (6).  (Dkt. #7).

16   Defendants contend that dismissal is appropriate because the May 2007 Agreement

17   between the parties provides that they  must comply with a two-step resolution process

18   (mediation and then arbitration) in lieu of litigation.  (Id.).  Plaintiff, on the other hand,

19   argues that (1) Defendants' Motion to Dismiss is procedurally improper, (2) Defendants

20   Klamet and Kohler are not parties to the Agreement, and therefore, do not have a right to

21   demand arbitration, and (3) Defendant Improvita waived its right to enforce the arbitration

22   provision by its improper conduct.  (Dkt. #8).  Plaintiff also filed a Motion to Expedite

23   Hearing.[1]  (Dkt. #12).

24

25   _____

26          [1]Having ruled on Defendants' Motion to Dismiss in this Order (see below), and having
     determined that oral argument is unnecessary, the Court will deny Plaintiff's Motion for Expedited
27   Hearing as moot.

28                                         - 3 -

## II.     STANDARD OF REVIEW

Rule 12(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (1) a lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted . . . ."

Fed.R.Civ.P. 12(b).  "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997).  When reviewing a motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir. 1990).  The Court must draw all reasonable inferences in favor of the non-moving party. Salim v. Lee, 202 F. Supp.2d 1122, 1125 (C.D.Cal. 2002).  Dismissal is proper "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986).

An inquiry into the adequacy of the evidence is improper when deciding whether to dismiss a complaint for failure to state a claim. Enesco Corp. v. Price/Costco, Inc., 146 F.3d 1083, 1085 (9th Cir. 1998).  In addition, when deciding a motion to dismiss for failure to state a claim, courts may not consider facts and evidence outside the complaint. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted) (a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion).  However, a district court may consider material that is properly submitted as part of the complaint, as well as documents that are not physically attached to

1   the complaint, as long as their authenticity is not contested and the complaint necessarily

2   relies on them.[2]  Id. at 688.

3   **III.   DISCUSSION**

4        **A.   Waiver of Right to Arbitration**

5        Plaintiff contends that Defendant Improvita has waived its right to enforce the

6   arbitration agreement through its improper conduct, namely, refusing to participate in good

7   faith during mediation and allegedly delaying the resolution process.  (Dkt. #8).

8   Defendants argue that the right to arbitrate was never waived because Defendants never

9   clearly repudiated the right to enforce the arbitration agreement.  (Dkt. #11).

10        "It is well-established . . . that a party to a contract may waive its right to enforce an

11   arbitration agreement by its conduct.  Waiver occurs when a party relinquishes a known

12   right or exhibits conduct that clearly warrants inference of an intentional relinquishment."

13   Meineke v. Twin City Fire Insur. Co., 181 Ariz. 576, 581 (1994) (citations omitted).

14   There are three elements that support a finding of waiver of a right to arbitration: (1) a

15   party was aware of its right to arbitration, (2) acted in a manner inconsistent with the

16   exercise of that right, and (3) prejudiced the opposing party as a result.  Fisher v. A.G.

17   Becker Paribas, Inc., 791 F.2d 691, 694 (9th Cir. 1986).  "Inconsistency usually is found

18   when one party engages in conduct preventing arbitration, proceeds at all times in

19   disregard of arbitration, expressly agrees to waive arbitration, or unreasonably delays

20   requesting arbitration."  City of Cottonwood v. James L. Fann Contracting, Inc., 179 Ariz.

21   185, 190-91 (1994) (footnote omitted) (citation omitted).

22        Here, although Defendants' conduct could be construed as attempting to prevent

23   arbitration, the Court is unconvinced at this time that Defendants *clearly* repudiated the

24

25        [2]As such, to the extent that Plaintiff contends that Defendants' Motion to Dismiss is

26   procedurally improper because it cites to and quotes the parties' May 2007 Agreement, Plaintiff is
incorrect.  The authenticity of the Agreement is not contested; Plaintiff does not contend that its

27   Complaint does rely on the Agreement.

28                      - 5 -

1   Agreement.  See Cooper v. QC Financial Services, Inc., 503 F.Supp.2d 1266, 1274

2   (D.Ariz. 2007) (stating that repudiation should not be inferred unless it is clear).  Although

3   Improvita cancelled arbitration twice (and for ambiguous reasons), they did offer to

4   reschedule the August 27th arbitration to October 1st, a delay of only one month.  The

5   Court cannot, without more, hold that that request was unreasonable.  As such, the Court is

6   hesitant to infer a repudiation to enforce the arbitration agreement at this time.

7   Accordingly, the Court finds that Defendant Improvita has not waived its right to

8   arbitration, and thus dismissal without prejudice is appropriate.

9             **B.      The Individual Defendants**

10          Plaintiff contends in its Response to Defendants' Motion to Dismiss that its

11   Complaint, which alleges misrepresentation and fraud against Improvita, as well as Klamet

12   and Kohler (the "Individual Defendants"), may not be dismissed against Individual

13   Defendants Klamet and Kohler based on a demand for arbitration because they are not

14   parties to the May 2007 Agreement.  However, Defendants, in their Reply, essentially

15   argue that Plaintiff fails to state a claim against the Individual Defendants because the

16   allegations "arise from the exact same facts as the claims against the corporate Defendant

17   Improvita."[3]  Defendants do not dispute that the Individual Defendants are not parties to

18   the May 2007 Manufacturing and Supply Agreement.

19          Although Individual Defendants Klamet and Kohler are not parties to the

20   Agreement, and thus are not entitled to demand arbitration, the Court notes that the claims

21   asserted in the Complaint against the Individual Defendants are indistinguishable from the

22   allegations made against Defendant Improvita.  In addition, having reviewed the

23   Complaint, it appears that Plaintiff does not allege that the Individual Defendants acted in

24

25          [3]Defendants also argue that the arbitration provision in the May 2007 Agreement expressly
26   provides that all disputes arising out of or related to the Agreement must be resolved by arbitration,
     and thus it would be inefficient to require the Individual Defendants to defend themselves in this
27   case while Defendant Improvita proceeded to arbitration.

28                                          - 6 -

1  their individual capacities when making representations to Plaintiff on behalf of Improvita.

2  Further, the Individual Defendants contend that they are "senior management" of

3  Improvita who are required under the Agreement to engaged directly in the dispute

4  resolution process (Dkt. #11, p.3); the Court notes that "arbitration clauses should be

5  liberally construed, and doubts regarding arbitrability should be resolved in favor of

6  arbitration."  See Foy v. Thorp, 186 Ariz. 151, 153 (App. 1996).  As such, the Court finds

7  no basis on which to retain this case against only the Individual Defendants.

8         However, the Court recognizes Plaintiff's stated frustration with respect to

9  Defendants' conduct and is aware that continued rescheduling of arbitration will delay

10  resolution of the parties' dispute.  As such, the Court will infer that any further,

11  substantially unjustified delay by Defendants in submitting to arbitration will constitute

12  waiver of Defendants' right to enforce the parties' arbitration agreement.  Further, should

13  arbitration not occur by the date specified below, the Court will allow Plaintiff to file a

14  motion to re-open this case.

15         **Accordingly,**

16         **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Dkt. #7) is

17  GRANTED.  The case is dismissed without prejudice.

18         **IT IS FURTHER ORDERED** that Plaintiff's Motion for Expedited Hearing (Dkt.

19  #12) is DENIED as moot.

20         **IT IS FURTHER ORDERED** that the parties must submit to arbitration no later

21  than December 23, 2008.  If arbitration does not occur within the specified time, the Court

22  will permit Plaintiff to file a motion to re-open the case.

23         **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter Judgement

24  accordingly.

25         DATED this 24th day of November, 2008.

26

27  _____

28                    Mary H. Murguia
                 United States District Judge